IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY SELTMANN, et al., | No. C 08-5015 SBA |
| Plaintiff, | **ORDER**<br>**[Docket No. 14]** |
| v. | |
| A. W. CHESTERTON CO., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Remand. Having read and considered the papers presented by the parties, the Court hereby GRANTS the Motion.

**Background**

Plaintiff Dorothy Seltmann is the widow of Eldon Seltmann, who allegedly became ill and died as a result of workplace exposure to asbestos. Mrs. Seltmann brings this action together with her children, Christina Ann, Thomas Lee and James Ray Seltmann (collectively "Plaintiffs"). Mr. Seltmann allegedly was exposed to asbestos for decades, beginning with his service as a reservist for the United States Navy ("Navy") (1961-1964), Navy civilian employment at the Hunter's Point Naval Shipyard in San Francisco (1964-1973), Navy civilian employment at the Mare Island Naval Shipyard in Vallejo (1973-1995) and including his lifelong mechanical repair work on his personal vehicles.

Plaintiffs filed the Complaint in State court (Alameda County Superior Court) on September 11, 2008. Defendant Watts Water Technologies, Inc., one of 64 defendants, was served with the complaint and summons on October 3, 2008, and removed the case to federal court on November 3, 2008. Plaintiffs timely filed a motion to remand for lack of subject matter jurisdiction and failure to comply with the procedural requirements of the removal statute.

**Legal Standard**

Removal of an action from state court is proper when the federal court has original jurisdiction over the plaintiff's claim. 28 U.S.C. §§ 1331, 1441(a).

The procedure for removal is found in 28 U.S.C. § 1446(a) and (b) and provides for removal within thirty (30) days of service by filing in federal court a notice of removal stating the grounds for removal.

All defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants, although other forms of acknowledgment and consent may be acceptable. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (3d ed. 1998). This is commonly referred to as the "unanimity rule." Nominal, unknown or fraudulently joined parties are not required to join the removal petition. *United Computer Systems Inc. v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). *See also Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).

Removal statutes are strictly construed, and all doubts are resolved against the finding of proper removal. *Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992). Defendants bear the burden of proving proper removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). If a defendant's removal notice fails to meet procedural requirements for removal, such as unanimity of all defendants, the court may remand the action upon plaintiff's timely motion. *Emrich v. Touche Ross & Co,* 846 F.2d 1190, 1193 (9th Cir. 1988).

On a motion to remand, the removing defendant bears the burden of proof to show both federal jurisdiction and compliance with any and all procedural requirements. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F2d 564, 566; *Parker v. Brown* (SD OH 1983) 570 F.Supp. 640, 642–643.

**Discussion**

In the present case, the Court finds that defendant Watts Water Technologies, Inc. has failed to comply with the procedural requirements of removal. Although the removal is timely, only 32 of 63 defendants joined in the initial removal action. Consent was not obtained for a number of defendants who had been served in the state court action prior to the removing date. While true that some of those defendants, namely Aurora, Kentile and BW/IP subsequently joined in the removal,

2

their consent was untimely.  Once the 30-day removal period has passed, the notice of removal cannot be amended to include the consent of a co-defendant who did not previously join the removal "because it would make a nullity of the thirty day period of §1446." *Jones v. Kremer*, 28 F.Supp.2d 1112, 1114 (D. Minn. 1998), *see also* Wright & Miller, Federal Practice and Procedure, §3773, citing *Brooks v. Rosiere*, 585 F.Supp. 351 (D.C. La. 1984).

## **Conclusion**

Defendant Watts failed to meet the procedural requirements for removal and the Plaintiffs' Motion for Remand is GRANTED.  The Court declines to exercise its discretion to award fees and costs incurred litigating the removal and DENIES Plaintiffs' request.

The case is hereby REMANDED to the Superior Court for Alameda County, Oakland Division.  All pending matters are terminated and the clerk is directed to close the file.

IT IS SO ORDERED.

Dated: 2/3/09

SAUNDRA BROWN ARMSTRONG
United States District Judge