IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY SELTMANN, et al., | No. C 08-5015 SBA |
| Plaintiff, | **ORDER**<br>**[Docket Nos. 47, 51, 52, 54, 55]** |
| v. | |
| A. W. CHESTERTON CO., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Watts Water Technologies' "Application for Immediate Order Vacating Order Granting Motion to Remand to State Court," filed February 4, 2009. [Docket No. 52]. For the following reasons, the Court GRANTS the Application and VACATES its Order Granting Remand [Docket No. 51]. In addition, the following related motions are DENIED AS MOOT: (1) Defendant's Request for Stay Pending Transfer as Tag-along Action in Multi-District Litigation [Docket No. 47]; (2) Defendant's Motion for Order Shortening Time and Motion for Immediate Stay Upon Appeal of Order Granting Motion to Remand to State Court, filed February 9, 2009 [Docket No. 54]; and (3) Defendant's Renewed Motion for Immediate Stay on Appeal of Order, filed February 11, 2009 [Docket No. 55].

## PROCEDURAL BACKGROUND

This is an asbestos injury action, filed in state court and removed to federal court. The plaintiff filed a timely motion to remand and it was noticed for February 3, 2009. The Court granted the motion to remand on the basis that the removing defendant had not complied with the procedural requirements of the removal statute. The Court's order was signed February 3, 2009, and entered on the docket on February 4, 2009.

Prior to the hearing date, on January 29, 2009, the defendant filed a request to stay the action pending its transfer to the USDC, Eastern District of Pennsylvania. Defendant was concerned that the Court was unaware of the conditional transfer order (CTO-318) and notice issued by the Judicial

Panel Multidistrict Litigation ("JPML") on January 9, 2009, and wished to communicate its status to the Court. First, CTO-138 included the *Seltmann* case on a long list of tag-along actions. Second, CTO-138 notified that cases on the list were transferable to the asbestos MDL if no opposition to the transfer was filed by January 27, 2009. Third, CTO-138 stayed the transmittal of the transfer order to the transferee district court until the opposition deadline has passed.

Next, the defendant informed the Court that it had telephoned the JPML clerk's office on January 29, 2009, to find out whether any opposition had been filed, and learned that none had. Lastly, the defendant stated that it wanted to bring this matter to the Court's attention because it feared that the Court would rule on the plaintiff's motion to remand "only to learn later, through delayed communications, that a transfer order had already been filed in the Eastern District of Pennsylvania." The defendant correctly anticipated that the stay of the conditional transfer order would be lifted because no opposition had been received and that the transfer order would then be transmitted to the transferee court. However, no entry had yet been made on the docket of the Eastern District of Pennsylvania when the defendant checked it at approximately noon Pacific Standard Time.

On February 2, 2009, Defendant Watts once again updated the Court on the status of the conditional transfer order. This time, the transfer was complete. The defendant attached an entry on the docket of the transferee court demonstrating that a certified copy of CTO-318 from the JPML was filed January 28, 2009, and also provided a copy of CTO-318, which it accessed from the hyperlink on the docket entry.

The Court, at about the same time, and without knowledge of the defendant's e-filed update from the previous evening, ruled on the motion for remand. The Court received formal notice of the transfer of the *Seltmann* case three days later, on February 6, 2009. Notice was provided by the clerk of the transferee court.

The issue before the Court is whether this court was divested of its authority to rule on the pending motion to remand on January 28, 2009, when the transfer order was filed in the transferee court, or February 6, 2009, when this court received notice.

## ANALYSIS

2

The statute governing transfers in MDL cases, 28 U.S.C. § 1407, provides:

> Orders of transfer ... **shall be filed** in the office of the clerk of the district court of the transferee district and **shall be effective when thus filed**. The clerk of the transferee district court shall forthwith transmit a certified copy of the panel's order to transfer to the clerk of the district court from which the action is being transferred.

Pursuant to §1407, the date the order of transfer was filed in the transferee district, the Eastern District of Pennsylvania, is the date the order of transfer is effective. CTO-318 was filed on January 28, 2009, and transfer to the Eastern District of Pennsylvania became effective on that date.

The statute, however, is silent on the precise fate of matters pending at the time a case is officially transferred. The plaintiff's motion to remand was pending on January 28, 2009.

The Court of Appeals in *Glasstech, Inc. v. Kyro Oy*, 769 F.2d 1574 (Fed.Cir. 1985), analyzed this problem when faced with the issue of whether a transferor court, ruling on a pending motion, had actually been divested of its authority by the filing of a transfer order in the transferee court. The *Glasstech* court reviewed the JPML's position on this jurisdiction question and two appellate decisions that followed the JPML's position, and held that "the statute, rules, and precedent" lead to the conclusion that the transferor court was divested of jurisdiction on the date the transfer order was filed in the transferee court and not the date it was filed in the transferor court. *Id.* at 1577-1578.

A review of the following legal authority supports the view that this Court lacked jurisdiction to rule on the pending motion to remand on February 3, 2009. *See In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495-496 (J.P.M.D.L.1968), for the JPML position. *See also In re UpJohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir.1981) ("power of the Panel on Multidistrict Litigation under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority"); *General Electric Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir.1979) ("any action taken by the transferor court after transfer would be ineffective"); *Fung v. Abex Corp.* 816 F.Supp. 569, 573 (N.D.Cal.,1992) (declining to consider pending motions to dismiss since the underlying matters appear to be under the jurisdiction of MDL Order 875 which indicates that all "pretrial" proceedings should be coordinated or consolidated by the transferee court). *See also* The Manual for Complex Litigation

3

(4th ed.) § 20.131 ("[a] transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court. At that point, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction. During the pendency of a motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case").

On the facts of this case, this Court was divested of its jurisdiction to rule on the pending motion to remand on January 28, 2009, the date on which the transfer order under 28 U.S.C. §1407 became effective by its filing in the office of the clerk of the Eastern District of Pennsylvania. The date on which this court received notice, February 6, 2009, is not dispositive of this issue.

**CONCLUSION**

Accordingly, the Court GRANTS the defendant's motion to vacate [Docket No. 52] and VACATES the order granting the plaintiff's motion to remand [Docket No. 51]. Consequently, the following related motions are DENIED AS MOOT: (1) Defendant's Request for Stay Pending Transfer as Tag-along Action in Multi-District Litigation [Docket No. 47]; (2) Defendant's Motion for Order Shortening Time and Motion for Immediate Stay Upon Appeal of Order Granting Motion to Remand to State Court, filed February 9, 2009 [Docket No. 54]; and (3) Defendant's Renewed Motion for Immediate Stay on Appeal of Order, filed February 11, 2009 [Docket No. 55].

IT IS SO ORDERED.

Dated: 2/12/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

4